## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Charles Blackwell                                    Case No:

      Plaintiff,                                  Hon:

-vs-

CITY OF INKSTER, a Michigan
Municipality, TAVAN HALL
in his individual capacity, CHIEF OF POLICE
WILLIAM RATLIFF, In his individual capacity.

      Defendants
_____

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiff Charles Blackwell, proceeding *pro se*, files this Complaint and alleges as follows:

1. Plaintiff brings this First Amendment action to challenge an unconstitutional policy and practice of the Defendant's City of Inkster and Inkster Police Chief William Ratliff and Officer Tavan Hall to prohibit, impede, and burden Plaintiff from engaging in political speech and expressing their political viewpoint via political signage.

2. The protection of free expression by the First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *New York Times Co. v. Sullivan*, 376 U.S. 254, 269 (1964).

3. Burdens and impediments to speech as well as outright bans run afoul of the First Amendment. See Sorrell v. IMS Health Inc., 564 U.S. 552, 566, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011) (stating that government "may no more silence unwanted speech by burdening its utterance than by censoring its content"); United States v. Playboy Entm't Grp., Inc., 529 U.S. 803, 239*239 812, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000) ("The distinction between laws burdening and laws banning speech is but a matter of degree. The Government's content-based burdens must satisfy the same rigorous scrutiny as its content-based bans.").

4. In a long line of cases, the US Supreme Court has afforded First Amendment protection to expressive conduct that qualifies as symbolic speech. See, *e. g., Tinker* v. *Des Moines School Dist.,* 393 U. S. 503 (1969) (black armband worn by students in public school as protest against United States policy in Vietnam war); *Brown* v. *Louisiana,* 383 U. S. 131 (1966) (sit-in by Negro students in "whites only" library to protest segregation); *Stromberg* v. *California,* 283 U. S. 359 (1931) (flying red flag as gesture of support for communism).

5. The First Amendment protects satirical and parody speech as well. *see, e.g., Hustler v. Falwell,* 485 U.S. 46, 48, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988) (involving a political parody wherein *Hustler* magazine portrayed Rev. Jerry

Falwell as admitting he lost his virginity "during a drunken incestuous

rendezvous with his mother in an outhouse");

## PARTIES

6. Plaintiff Charles Blackwell is a resident in the Eastern District of Michigan

   and is an activist who tackles corruption, transparency, and open government

   issues with multiple municipalities in the Metro Detroit area.

7. Defendant City of Inkster is a state-chartered municipal corporation

   organized and existing under the laws of the State of Michigan, located

   within the Eastern District of Michigan.

8. Defendant, Chief of Police William Ratliff, is employed by the Defendant

   City of Inkster and is responsible for the oversight, supervision, disciple, and

   training of Inkster Police Department personnel, including Defendant

   Officer Tavan Hall.

9. Defendant Tavan Hall is a member of the City of Inkster Police Department

   and resides and/or transact business in Wayne County, Michigan which is

   located in this judicial district.

10. At all relevant times, Defendant Hall was acting under the color of the law

    as a City of Inkster police officer and is being sued in his individual

    capacity.

11. At relevant times,Defendant Ratliff was acting under the color of the law as the City of Inkster police chief.

12. Defendant's Hall and Ratliff is not entitled to qualified or any other immunity because he knowingly and intentionally violated Plaintiff's clearly established First, Fourth and Fourteenth Amendment constitutional rights to which any reasonable officer would have known.

13. Venue is appropriate in this Court as all the transactions, events and occurrences which give rise to this action all took place in Wayne County, Michigan which is in this Judicial District.

14. This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and 42 USC § 1983. This Court also has pendent supplemental jurisdiction over Plaintiff's state claim pursuant to 28 USC § 1337.

## **COMMON ALLEGATIONS**

15. Plaintiff re-alleges paragraphs one through ten word-for-word.

16. Plaintiff is paralyzed and confined to a wheelchair. Plaintiff uses a wheelchair for physical mobility.

17. The Inkster City Council is the legislative branch of the City of Inkster government. It is vested with all powers to pass ordinances and resolutions.

18. The 2016 Inkster City Charter states pursuant to Section 7.1: *Rules of Council*:

> *The City Council shall determine its own rules* and order of business
> and shall keep a journal of all its proceedings in the English language
> which shall be signed by the Mayor. (Emphasis added)

19. Furthermore, the 2016 Inkster City Charter provides that:

> All official action of the Council shall be by ordinance, resolution or
> proclamation adopted by the affirmative vote of a majority of the
> Council members present, unless otherwise required by law or this
> Charter.

20. Upon Plaintiff belief and knowledge, the City of Inkster City Council has

    not passed an official ordinance or resolution which prohibits or imposes any

    restrictions on political signage at their City Council meetings.

21. In light of the absence of the Inkster City Council passing an official

    ordinance or resolution, it is permissible for the public to bring political

    signage to their City Council meetings.

22. Plaintiff has attended prior City of Inkster City Council meetings within the

    last twelve months and have brought political signage to such meetings.

    Plaintiff was not asked to remove his signage by Inkster Mayor Patrick

    Wimberly who is the chair of the council nor by the Inkster police who were

    present.

23. At the July 5th, 2022 City of Inkster City Council meeting, Inkster native by

    the name of Andranae Moore brought a political poster board to the Inkster

    city council meeting. Citizen Moore spoke during the public comment

    portion of the meeting and showed her poster board to the council.

24. This is a picture of the poster board Miss Moore brought to the July 5th, 2022 Inkster City Council meeting. (**Ex A: Citizen Moore Poster Board**)

25. At no time did Inkster Mayor Patrick Wimberly or the Inkster Police department ask Miss Moore to remove her sign from the City Council meeting.

26. Plaintiff attended the July 18th, 2022 Inkster City Council meeting.

27. Plaintiff brought a small 18 x 24 inch political poster sign to the Inkster City Council meeting which featured and expressed fictional satire. (**Ex B: Plaintiff Satirical Poster Board**)

28. David Jones is the City of Inkster appointed City Attorney pursuant to the Inkster City Charter. He is appointed by the Mayor and confirmed by the Inkster City Council. He is a state actor as his authority and municipal powers stems from the Inkster City Charter.

29. Plaintiff's satirical political poster featured Inkster Mayor Patrick Wimberly with 36th District Judge Kenyetta Stanford Jones. Judge Jones is the wife of Inkster City Attorney David Jones. (**See Ex B**.)

30. Plaintiff's satirical poster included a  disclaimer at the top that said "Fiction" and the caption of the poster at the bottom says "You don't have to remind me. I already know David Jones is a bad Inkster City Attorney." (**See Ex B**)

31. Plaintiff arrived at the Inkster City Council meeting approximately around 6PM on July 18th, 2022.

32. Present at this meeting was Inkster Mayor Patrick Wimberly, Inkster City Council, Inkster City Attorney David Jones, Inkster Police Chief William Ratliff, Inkster Assistant Police Chief Constance Slappey, Inkster Police Officer Andrea Lebo, and Inkster Police officer Tavan Hall.

33. Plaintiff was seated in the front row in the Inkster City Council chambers displaying the satirical political poster from his lap while seated in his wheelchair.

34. At no time did the Plaintiff raise this political sign into the air obstructing other patrons' views.

35. At all times, Plaintiff political sign were raised no higher than the height of the Plaintiff shoulders.

36. Plaintiff had an elastic black face mask on due to COVID-19 concerns.

37. Inkster Police Chief Ratliff, Assistant Chief Slappey, and Officer's Lebo and Hall all saw Plaintiff sign at 6PM and at no point did they approach the Plaintiff to remove his sign or that he was causing a disturbance with his sign.

38. At approximately 6:35PM,  Inkster Mayor Patrick Wimberly, the City of Inkster City Council and City Attorney was in a closed session meeting pursuant to the Open Meetings Act in a separate adjacent room.

39. Inkster Mayor Patrick Wimberly emerged from the closed session approximately five minutes later from the adjacent closed session room and called Inkster Police Chief William Ratliff to come speak with him.

40. Shortly thereafter, Defendant Tavan Hall was dressed in plain clothes uniform. Defendant Hall had on a black t-shirt which stated "Inkster Police" on it as well as wearing green police tactical pants.

41. Defendant Hall had an exposed holstered firearm on his sidearm as well as a police radio on his other side. Defendant Hall also has a police badge attached to his person as well.

42. Defendant Hall while acting under the color of the law as a City of Inkster police officer told the Plaintiff that his political sign was causing a "disturbance" and that the Plaintiff had to put away his sign and remove it.

43. Plaintiff asked Defendant Hall if he was exercising his police authority to order the Plaintiff to remove his sign. Defendant Hall responded in the affirmative that he was acting in his police capacity to put away and remove his sign.

44. Fearing the threat of arrest, Plaintiff indicated to Defendant Hall that he intended to comply with his law enforcement command and left the Inkster City Council meeting with his sign around 6:50PM.

45. Due to the proximate timing of Inkster Mayor Patrick Wimberly discussion with Police Chief William Ratliff and Defendant Hall Demand to the Plaintiff, it is Plaintiff belief and knowledge that Defendant Ratliff ordered Inkster Police Officer Tavan Hall to order the Plaintiff to remove his sign.

## COUNT I

### (Defendant Officer Tavan Hall And Chief of Police William Ratliff )

### FIRST AMENDMENT RETALIATION AND FOURTEENTH AMENDMENT.

46. Plaintiff re-alleges all preceding paragraphs.

47. The First Amendment to the U.S. Constitution guarantees freedom of the press and freedom of speech

48. The First Amendment protects not only the expression of ideas through printed or spoken words, but also symbolic speech— nonverbal "activity ... sufficiently imbued with elements of communication." *Spence v.Washington*, 418 U.S. 405, 409, 94 S.Ct. 2727, 2730, 41 L.Ed.2d 842 (1974).

49. Plaintiff engaged in protected expressive activity under the First Amendment when he attended the City of Inkster City Council meeting with a satirical political poster.

50. Defendant Chief of Police William Ratliff, directly or indirectly, communicated a verbal or cellular message, instructing Officer Tavan Hall to order the Plaintiff to remove his political sign.

51. Acting pursuant to Defendant Ratliff orders,  Defendant Hall's unlawful demand that Plaintiff put away and remove his satirical political poster under the threat of arrest would deter a person from ordinary firmness from engaging in free speech.

52. Qualified immunity does not apply because any reasonable state actor would know that retaliating against Plaintiff because of his protected activity was a violation of his clearly established First Amendment rights.

53. "[G]overnment officials in general, and police officers in particular, may not exercise their authority for personal motives, particularly in response to real or perceived slights to their dignity." *Bloch v. Ribar,* 156 F.3d 673, 682 (6th Cir.1998) (quoting *Duran v. Douglas,* 904 F.2d 1372, 1378 (9th Cir.1990)).

54. Defendant City of Inkster does not have a ordinance or resolution which prohibits political signage within City Council meetings.

55. Therefore, Defendant Hall and Ratliff could have not reasonably thought they were lawfully ordering the Plaintiff to remove his sign was reasonably objective.

56. The right of freedom of speech and expression at a City Council meeting was clearly established at the time Defendant Hall and Ratliff violated Plaintiff constitution rights.

57. Defendants also engaged in viewpoint and content based discrimnation by allowing citizens such as

58. As a direct and proximate result of Defendant Hall's and Ratliff's wrongful acts and omissions, Plaintiff suffered non-economic injuries, including but not limited to, mental anguish, emotional distress, humiliation, mortification, outrage, embarrassment, anxiety, depression, degradation, and fear of unlawful arrest.

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendant Hall and Ratliff for damages in whatever amount to which Plaintiff is entitled, plus costs, interest and statutory attorney fees (If an attorney is retained, together with punitive, exemplary and other damages provided by statute, law, and good conscience.

## <u>COUNT II</u>

### MONELL CLAIM AGAINST THE CITY OF INKSTER
### (FAILURE TO TRAIN AND FINAL POLICYMAKER)

59. Plaintiff re-alleges all preceding paragraphs.

60. Defendant City of Inkster acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies and/or practices that resulted in the violations of Plaintiff's federally protected civil rights.

61. The Defendant City of Inkster and its police department has a policy and practice of violating the Plaintiff First Amendment rights and other citizens constitutional rights.

62. In January of 2015, Inkster Police Officer William Melendez brutally beat an African American motorist and planted narcotics on him. Inkster Officer Melendez was ultimately fired and charged with felony offenses.

63. The City of Inkster paid out an 1.3 million dollar settlement stemming from this unlawful constitutional arrest and beating in court case Floyd Dent v. City of Inkster[1].

64. In pending Federal Court case *Bradley Brock v. City of Inkster et. al*[2], the City of Inkster Police Department is alleged to have illegally and unconstitutionally shot and killed a citizen's dog.

---

[1] Wayne County Circuit Court (Case No: 15-006927-CZ)
[2] 22-cv-10500 (Hon. Judge George Steeh)

65. In pending Federal Court case *Blackwell v. Inkster, City of et al*[3], Hon. Judge Terrence Berg denied Defendant's motion to dismiss Plaintiff Complaint on a First Amendment cause of action for blocking the Plaintiff on Facebook.

66. Judge Berg stated Plaintiff plausibly alleged sufficient facts that the City of Inkster and Inkster Police Department violated Plaintiff first amendment rights.

67. Inkster Police Chief William Ratliff is a final policy maker of the Inkster Police Department. Upon Plaintiff's belief and knowledge, he ordered, directly or indirectly, that subordinate Inkster Police Officer Tavan Hall to tell the Plaintiff his political sign was causing a disturbance and to remove his sign.

68. These customs, policies and/or practices included but were not limited to failing to supervise officers to prevent the violation of a citizen's constitutional rights; failing to properly or adequately train and/or supervisor officers to conform their conduct within the parameters of the constitution; failing to supervise, review and/or discipline officers who the City knows or should have known were violating or prone to violating citizen's constitutional rights.

---

[3] Case No: 21-cv-10628 (Hon. Judge Terrence Berg)

69. Specifically, the Inkster Police Department has failed to properly/adequately train its officers on the contours of the First Amendment and how that applies to its interactions with citizens.

70. The Inkster police department has failed to train and properly train its officer's on the various types of different public forums (traditional, designated, or limited) and the permissive expressive speech and conduct inside those public forums.

71. The Inkster Police Department violated Plaintiff First Amendment rights via social media in a designated public forum[4] and now has violated Plaintiff First Amendment rights in a limited forum.

72. If the Inkster Police Department had adequately trained its officer on different public forums and permissible expressive activity, Defendants would have not violated Plaintiff constitutional rights.

73. The City of Inkster is responsible for the Defendant Hall and Ratliff unlawful conduct, and the injuries identified above.

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendant City of Inkster for damages in whatever amount to which Plaintiff is entitled, plus costs, interest and statutory attorney fees (if an attorney is

---

[4] Case No: 21-cv-10628 (Hon. Judge Terrence Berg)

retained), together with punitive, exemplary and other damages provided by statute, law, and good conscience.

## **RELIEF REQUESTED**

Plaintiff demands judgment against all Defendants as follows:

**A. LEGAL RELIEF**

a. Compensatory damages for Plaintiff's past and future non-economic damages in whatever amount Plaintiff is found to be entitled.

b. Exemplary damages in whatever amount Plaintiff is found to be entitled.

c. Nominal damages in whatever amount Plaintiff is found to be entitled.

d. Punitive damages in whatever amount Plaintiff is found to be entitled.

e. Award Plaintiff court cost.

**B. EQUITABLE RELIEF**

a. An injunction from this Court prohibiting any further acts of wrongdoing or retaliation against Plaintiff.

b. A declaratory judgment that Defendants have violated Plaintiff's First Amendment rights; and

 c. Whatever equitable relief appears appropriate at the time of final judgment.

## **JURY DEMAND**

Plaintiff Charles Blackwell demands a jury trial of this cause of action.

/s/CharlesBlackwell

Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
313-739-3597
cblack618@gmail.com

## INDEX OF EXHIBITS

**Ex A: Citizen Moore Poster Board**

**Ex B: Plaintiff Satirical Poster Board**

**Ex A: Citizen Moore Poster Board**



**Ex B: Plaintiff Satirical Poster Board**



JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Charles Blackwell

**DEFENDANTS**
City of Inkster, Chief of Police William Ratliff, Tavan Hall

**(b)** County of Residence of First Listed Plaintiff    Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
First Amendment Retaliation

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 100.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
July 19, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes
                                                                    ■ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other     ☐ Yes
          court, including state court? (Companion cases are matters in which ■ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


Notes :